UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JERRY CANKAT,

                              MEMORANDUM AND ORDER
          Plaintiff,                       16-CV-6107

    - against -

FU HUA INC.,

         Defendant.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Plaintiff Jerry Cankat ("Cankat" or "Plaintiff") is a disabled individual who alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., against defendant Fu Hua Inc. ("Fu Hua" or "Defendant"). Before the Court is Defendant's motion for judgment on the pleadings which is GRANTED for the reasons stated herein.

## BACKGROUND

        Defendant Fu Hua owns a building located at 135-20 Roosevelt Blvd, Queens, New York (the "Property"). ECF 1, Complaint ("Complt.") at ¶ 2. At all times relevant to this action, Fu Hua has leased the Property to Vanilla Café Pastry Garden, Corp. ("Vanilla Café") which operates a bakery there (the "Café"). Id. Plaintiff Cankat is a fifty-nine year old man who is wheelchair bound due to a diabetes-related leg amputation in 2010. Id. at ¶ 3.

        On November 25, 2014, Cankat commenced an ADA action in the Eastern District of New York against Vanilla Café (the "Vanilla Café Action") alleging that when he visited the Café on an unspecified date, he "encountered architectural barriers . . . precluding him from reasonably accessing the goods and services provided to non-disabled individuals." See No. 14-CV-6917 (RJD)(CLP), ECF 5 at ¶ 8. Specifically, Cankat alleged that the Café had a non-compliant wheelchair ramp and restroom. Id. at ¶ 12. On August 24, 2016, Judge Dearie

1

dismissed that case with prejudice due to Plaintiff's failure to prosecute. Cankat v. Vanilla Café Pastry Garden, Corp., 2016 WL 4490633, at *1 (E.D.N.Y. Aug. 24, 2016) (noting Plaintiff's "alarming failure to prosecute the case, instituted nearly two years ago, and a continuing disregard for the Court's directives").

Approximately two months later, Plaintiff initiated this case against Fu Hua, seeking injunctive relief, a declaration that Defendant violated the ADA, and attorney's fees. See generally Complt. The Complaint alleges that Fu Hua permitted its tenant to operate a commercial establishment on the Property that violated the ADA. Id. at ¶ 2. On an unspecified date, Cankat allegedly visited the Property and was unable to "reasonably access the goods and services provided to non-disabled individuals" due to architectural barriers, namely an allegedly non-compliant wheelchair ramp and inaccessible restroom. Id. at ¶¶ 8-9, 12. It is undisputed that the Complaint in this action is identical to the complaint in the Vanilla Café Action, save for the named defendant.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, the Court applies the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). Thus, Plaintiff must plead "sufficient factual matter, accepted as true" to state a claim that is plausible on its face, from which the Court can draw the reasonable inference that the Defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court may also take judicial notice of proceedings that may have a preclusive effect and may dismiss Plaintiff's claim

on res judicata grounds. Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F.Supp.2d 340, 349 (E.D.N.Y. 2010) (citing cases).

## DISCUSSION

Defendant argues that in light of the Vanilla Café Action, the doctrine of res judicata requires that this case be dismissed. Res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284–85 (2d Cir. 2000) (internal citations omitted). The purpose of the res judicata doctrine is to require a party "to bring in one litigation all its claims arising from a particular transaction." King v. Galluzzo Equip. & Excavating, Inc., No. 00-CV-6247 (ILG), 2001 WL 1402996, at *7 (E.D.N.Y. Nov. 8, 2001). The burden is on the party asserting res judicata to prove that it bars the claims in a given action. Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997). To do so here, Fu Hua must demonstrate that (1) the Vanilla Café Action concluded with a final adjudication on the merits, (2) the Vanilla Café Action involved the same parties or their privies, and (3) the claims asserted in this action were, or could have been, asserted in the Vanilla Café Action. Monahan, 214 F.3d at 285.

The Vanilla Café Action was dismissed with prejudice for Plaintiff's failure to prosecute, which operates as an adjudication on the merits in satisfaction of the first factor. Fed. R. Civ. P. § 41(b). Next, the determination of privity involves a "functional inquiry in which the formalities of legal relationships provide clues but not solutions." Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 346 (2d Cir. 1995); see also Amalgamated Sugar Co. v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir. 1987) (the privity determination is to be "applied with flexibility"). Contrary to Plaintiff's claim that landlords and their tenants are always adverse

parties (ECF 24, Opposition, at p. 4), privity is a "factual issue" that "may exist for the purpose of determining one legal question but not another depending on the circumstances and legal doctrines at issue." Celotex Corp., 56 F.3d at 346. Here, Vanilla Café is Fu Hua's tenant, operating the commercial establishment at the root of Plaintiff's claims in both actions. Both are clearly incentivized to vigorously defend against those claims. Additionally, pursuant to the lease between the two entities, "Vanilla Café is responsible for the cost of defending lawsuits concerning the Property." ECF 25, Dec. of Jinny Chang, at ¶¶ 4-6. As a result, Vanilla Café has hired defense counsel, is paying the legal fees and is making all legal decisions related to Fu Hua's defense in this action. Id. These facts prove that on the claims at issue in this case, there is sufficient privity between Fu Hua and Vanilla Café for purposes of res judicata.

The final factor asks whether the claims asserted in this action were, or could have been, asserted in the Vanilla Café Action. "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." N.L.R.B. v. United Techs. Corp., 706 F.2d 1254, 1260 (2d Cir. 1983); see also Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) ("[W]e look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." (internal citations omitted)). This action alleges the identical claims that were dismissed with prejudice in the Vanilla Café Action—that Plaintiff was prevented from reasonably accessing the Café in violation of the ADA. Plaintiff had a full and fair opportunity to prosecute that claim in the Vanilla Café Action, but failed to do so. He cannot now revive his previously-dismissed claims by asserting them anew against Fu Hua.

Cameron v. Church, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003); see also Official Publications, Inc. v. Kable News Co., 811 F. Supp. 143, 147 (S.D.N.Y. 1993) (citing cases) (Res judicata "bars litigation of the same causes of action against defendants who were known to plaintiff at the time the first action was filed but were not named where the newly-added defendants have a sufficiently close relationship to the original defendant").

Cankat claims that at some unspecified time after dismissal of the Vanilla Café Action, he revisited the Café, was confronted with the same architectural barriers, and commenced this suit against Fu Hua. ECF 24-2, Cankat Dec., at ¶¶ 5-6. Because this action is based on that second visit, he contends that his claims are different from those asserted in the Vanilla Café Action. To the contrary. A subsequent visit does not create a separate claim to overcome the res judicata effect of the Vanilla Café Action, particularly since Plaintiff alleges the same ADA violations, at the same Café, located on the same Property, in both actions. To hold otherwise would undermine the purpose of res judicata and lead to absurd results, whereby a plaintiff could repeatedly revisit the same commercial establishment after a court's final adjudication unfavorable to him, and assert identical claims again and again.

## CONCLUSION

For the reasons stated herein, Defendant's motion for judgment on the pleadings is granted and Plaintiff's case is dismissed with prejudice.

SO ORDERED.

Dated:     Brooklyn, New York
            August 29, 2017

                                      /s/
                                    I. Leo Glasser